On Remand from the Alabama Supreme Court
The appellant, Phillip Wayne Tomlin, was convicted for the 1977 murders of Ricky Brune and Cheryl Moore. Tomlin was tried three times, and each time he was convicted and sentenced to death. His convictions were subsequently reversed on direct appeal. See Exparte Tomlin, 540 So.2d 668 (Ala. 1988); Tomlin v. State,591 So.2d 550 (Ala.Crim.App. 1991); and Tomlin v. State,695 So.2d 157 (Ala.Crim.App. 1996).
In 1993, Tomlin was tried a fourth time and was convicted of capital murder and sentenced to death. We affirmed his conviction and death sentence. See Tomlin v. State, 909 So.2d 213
(Ala.Crim.App. 2002). Tomlin filed a certiorari petition in the Alabama Supreme Court. On October 3, 2003, the Alabama Supreme Court directed this Court to remand this case for the circuit court to set aside Tomlin's sentence of death and to sentence Tomlin to life imprisonment without the possibility of parole. See Ex parte Tomlin, 909 So.2d 283 (Ala. 2003).
In compliance with the Supreme Court's directions in Ex parteTomlin, this case is remanded to the Circuit Court for Mobile County for that court to set aside Tomlin's death sentence and sentence him to life imprisonment without the possibility of parole. The circuit court is directed to file its return to remand with this Court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
 On Return to Remand
McMILLAN, Presiding Judge.
The appellant, Phillip Wayne Tomlin, was convicted for the 1977 murders of Ricky Brune and Cheryl Moore. Tomlin was tried three times, and each time he was convicted and sentenced to death. Tomlin's convictions were ultimately reversed on direct appeal. See Ex parte *Page 291 Tomlin, 540 So.2d 668 (Ala. 1988); Tomlin v. State,591 So.2d 550 (Ala.Crim.App. 1991); and Tomlin v. State, 695 So.2d 157
(Ala.Crim.App. 1996).
In 1993, Tomlin was tried a fourth time and was convicted of capital murder for killing Ricky Brune and Cheryl Moore pursuant to one act or course of conduct. We affirmed his conviction and sentence to death. See Tomlin v. State, 909 So.2d 213
(Ala.Crim.App. 2002). The Alabama Supreme affirmed his capital-murder conviction but remanded the case for this Court to direct the circuit court to set aside Tomlin's death sentence and impose a sentence of life imprisonment without the possibility of parole. See Ex parte Tomlin, 909 So.2d 283 (Ala. 2003). On remand from the Alabama Supreme Court, we directed the circuit court to comply with that Court's instructions. See Tomlin v.State, 909 So.2d 290, 290 (Ala.Crim.App. 2002) (opinion on remand from the Alabama Supreme Court).
The circuit court has complied with the Supreme Court's instructions and has sentenced Tomlin to life imprisonment without the possibility of parole. Tomlin's sentence is due to be affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur. *Page 772